UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cr-00150 SEP |
| | ) |
| EDWARD NORTH, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on review of the Report and Recommendation, Doc. [79], of the Honorable Stephen R. Welby as to Defendant Edward North's Motion to Suppress Evidence and Statements, Doc. [31].[1] Magistrate Judge Welby conducted a hearing on the motion on May 7, 2024, and issued his Report and Recommendation on July 24, 2024, recommending that the undersigned deny the motion. *See* Doc. [79] at 10. On August 7, 2024, Mr. North filed Objections to the Report and Recommendation, Doc. [80], and the United States responded on August 14, 2024, Doc. [81].

The Court has conducted a de novo review of all matters related to Mr. North's motion and objections, including a thorough review of the transcript of the evidentiary hearing held in front of Judge Welby and all of the parties' briefing. *See* Docs. [31], [39], [76], [77], [78], [79], [80], [81]; *Thompson v. Nix,* 897 F.2d 356, 357–58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). After careful consideration, the undersigned will adopt and sustain Judge Welby's Report and Recommendation in its entirety.

### DISCUSSION

Mr. North lodges four objections to the Report and Recommendation (R&R). None has merit.

First, he claims that the R&R "erred in crediting the officers who claimed Mr. North gave consent," Doc. [80] at 2, suggesting that the credibility of the law enforcement officers who testified that Mr. North consented to the search of his apartment was undermined by their imperfect recollection of Mr. North's precise wording and the fact that two other law

---

[1] All pretrial motions in this cause were referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

enforcement witnesses denied having heard Mr. North's consent.  On review of the hearing transcript, the Court agrees with Judge Welby's credibility determinations and the factual findings based thereupon.  There was uncontroverted testimony from multiple witnesses that Mr. North verbally consented, that Mr. North's conduct was initially consistent with consent, and that law enforcement stopped searching and sought a warrant when Mr. North did object to the search.  Defendant points to no evidence to contradict any of that testimony; nor does he identify any other defect in Judge Welby's analysis.  *See* Doc. [80] at 2.  Thus, the undersigned agrees that "[t]he testimony from the evidentiary hearing clearly establishes that Defendant consented to the initial search of his apartment." Doc. [79] at 7.  Mr. North's first objection is overruled.

Mr. North also objects that the R&R "erred in concluding that any consent allegedly given was voluntary." Doc. [80] at 2.  He claims that Judge Welby's conclusion that Mr. North voluntarily consented was "error and without analysis," pointing to the fact that Mr. North was confronted with multiple officers in a narrow hallway, together with the information that his houseguest had been arrested and that "the officers wanted to take a look inside his apartment." *Id.* at 3.  Defendant cites no case law to support his claim that the factual circumstances give rise to an inference that consent was involuntary.  And his characterization of the R&R as "without analysis" on this point is simply false.  The R&R provided the following analysis of the issue of voluntariness:

> There is no evidence that agents used threats, physical intimidation, or force to coerce consent.  There is also no evidence that agents made any promises or misrepresentations to Defendant to get him to consent.  Nor was Defendant in custody or under arrest when he was asked for consent.  Furthermore, Defendant's behavior while agents entered his apartment and conducted a search did not in any way indicate he objected to the search.  The lack of coercion or intimidation by the agents is evident in that Defendant did not hesitate to later revoke his consent when the agents found a safe and currency in his apartment.  This also indicates Defendant was aware of his right to refuse consent.  The totality of the circumstances indicates that Defendant's consent was knowing and voluntary.

Doc. [79] at 7.  On de novo review, the undersigned quite agrees.  Defendant's second objection is overruled.

Mr. North's third objection is to the R&R's conclusion that there was probable cause for the search warrant.  The objection appears to be that the term "residing" overstates Mr. Burnett's status with respect to Mr. North's apartment, but as that term is used one sentence after the R&R notes that Mr. North "told agents that Mr. Burnett was staying there," there is no reason to

2

believe that Judge Welby misunderstood Mr. Burnett's status when analyzing whether the warrant was supported by probable cause. Apart from that semantic concern, Defendant simply "maintains that there was insufficient evidence and there was not good faith," Doc. [80] at 3, citing his own posthearing brief, Doc. [77] at 7-9.

In that posthearing brief, Mr. North argued that the nexus between the drugs and the apartment was too attenuated to support a search warrant because "the officers were informed that Mr. Burnett *had only been staying there recently*." Doc. [77] at 7-9 (emphasis added) (citing Tr. at 10)). Unlike the R&R, that argument does mischaracterize the hearing testimony, which was that Mr. North told the officers that Mr. Burnett "had been staying in that apartment." *See* Doc. [76] at 10. In support, Mr. North cites that testimony only; he cites nothing suggesting implicit or explicit communication that Mr. Burnett had been staying with him only recently, or for only a short time. By contrast, the R&R not only cites the same testimony accurately; it also points out that, when Mr. Burnett was arrested carrying suspected controlled substances, he was waiting for an elevator in Mr. North's building, with the key fob to enter Mr. North's apartment in his pocket.

On de novo review, the undersigned finds that Judge Welby amply and accurately addressed Defendant's challenge to probable cause, despite the fact that it was untimely asserted. Mr. North's third objection is therefore overruled.

Finally, Mr. North objects to the R&R in that, in holding that the search was lawful, it implicitly rejected his argument that his statement should be suppressed as the fruit of the poisonous tree. The overruling of Mr. North's fourth objection thus follows from the Court's overruling of the previous three.

## Conclusion

The Court finds that Judge Welby thoroughly analyzed the law and facts, and that his recommendations are based on careful application of sound legal authority. Therefore, the Court adopts the Report and Recommendation in full.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Stephen R. Welby, Doc. [79], filed July 24, 2024, be and hereby is **SUSTAINED**, **ADOPTED**, and **INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence and Statements, Doc. [31], is **DENIED**.

**IT IS FINALLY ORDERED** that a jury trial in this matter is set for **November 4, 2024, at 9:00 a.m.** in Courtroom 16N.

Dated this 13th day of September, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE